John F. Kurtz, Jr., ISB No. 2396
Dane Bolinger, ISB No. 9104
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954-5926
Email: jkurtz@hawleytroxell.com
       dbolinger@hawleytroxell.com

Defendant Murphy Land Company, LLC, an Idaho
limited liability company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES C. HILLIARD,<br><br>    Plaintiff,<br><br>vs.<br><br>MURPHY LAND COMPANY, LLC, an Idaho Limited Liability Company,<br><br>    Defendant. | Case No.  1:18-cv-00232-DCN<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY FEES |

Defendant Murphy Land Company, LLC ("Murphy Land"), by and through counsel of record, Hawley Troxell Ennis & Hawley LLP, respectfully submits this Memorandum in Support of Motion for Award of Attorney Fees.

## I.
## INTRODUCTION

On December 9, 2019, this Court issued its Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 54(a) and Final

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY FEES  - 1

Judgment [Dkt. 33] (the "Order").  Based on the Order, judgment was entered in favor of Murphy Land and Plaintiff James C. Hilliard's ("Hilliard") Complaint for Declaratory Relief [Dkt. 1] ("Complaint") was dismissed with prejudice and without leave to amend.

Murphy Land seeks an award of its reasonable attorney fees pursuant to Idaho Code § 12-120(3) and pursuant to ¶25 of the Real Estate Option to Purchase Agreement (Dkt 21-3) (the "Option").  For the reasons articulated below, Murphy Land satisfies the substantive requirements both of Idaho Code § 12-120(3) and the terms of ¶ 25 of the Option, and therefore is entitled to an award of its attorney fees relating to the claims, defenses and counterclaims encompassed by this Court's Order.  Further, the relevant attorney fees outlined in the concurrently-filed Declaration of Dane Bolinger in Support of Motion for Award of Attorney Fees ("Bolinger Declaration") are reasonable.  Accordingly, Murphy Land respectfully requests that the Court award Murphy Land the entire sum (as described below) of attorney fees in the amount of $27,295.00 incurred by Murphy Land in successfully defending against Hilliard's Complaint.[1]  Murphy Land has no taxable costs allowed under Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, or Loc. Civ. R. 54.1, and therefore is not seeking any costs beyond its reasonable attorney fees.

## II.
## LEGAL STANDARDS

### Fee Awards

A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed.

---

[1] Murphy Land reserves the right to amend this amount in the event this motion is contested.

R. Civ. P. 54(d)(2)(A). Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2)(B)(i)-(iv). Pursuant to Loc. Civ. P. 54.2, "[t]he motion must be accompanied by an affidavit of counsel setting forth the following: (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of fee to be allowed."

When determining the amount of an attorney fees award, a court must consider whether the rate charged and whether the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The "lodestar" calculation method regarding reasonable attorneys' fees multiplies the number of hours the prevailing party reasonably expended in the litigation by a reasonable hourly rate. *Morales v. City of San Raphael*, 96 F.3d 359, 363 (9th Cir. 1996). Fee applicants have the burden of producing evidence to establish that their requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

The Court also has discretion to adjust the amount of attorney fees based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)[2] that have not already been subsumed in the lodestar analysis. *See Morales v. City of San Raphael*, 96 F.3d 359, 363 (9th Cir. 1996). "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: '(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, ... (4) the results obtained, and (5) the contingent nature of the fee agreement." *Id.* at 364, n.9 (internal citations omitted). The subsumed *Kerr* factors may not act as independent bases for adjustments of the lodestar, and reliance upon those factors to reduce the lodestar constitutes an abuse of discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988) (citing *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 n. 4 (9th Cir. 1987); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 n.6 (9th Cir.1987)). The *Kerr* factors not subsumed by the lodestar may support adjustments in rare cases if the district court states the factors upon which it is relying and explains its reasoning. *Id.* However, the district court should consider the lodestar figure as presumptively reasonable and adjust it only in rare or exceptional circumstances. *Id.*

---

[2] "The twelve *Kerr* factors bearing on the reasonableness are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Morales* at 364 n.8 (citing *Kerr v. Screen Guild Extras, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L. Ed. 2d 195 (1976)).

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY FEES  - 4

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *See Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) (citing *Hensley*, 461 U.S. at 436). A party who achieves "excellent results" is entitled to a "fully compensatory fee." *Hensley*, 461 U.S. at 435.

### Implication of Diversity Jurisdiction

With respect to consideration of a motion for attorney fees, "[a] federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *J.R. Simplot Co. v. H&H Transp., Inc.*, No. CIV05-397-S-EJL, 2007 WL 1238727, at *2, fn. 2 (D. Idaho Apr. 26, 2007) (citing *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001) (citing *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992) and *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000))). Therefore, attorney fees may be awarded by a district court when they are part of the state's substantive, rather than procedural, requirements. *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979).

### III.
### ARGUMENT

Based on the authority set forth above, and as more fully argued below, Murphy Land is entitled to an award of its reasonable attorney fees incurred in successfully defending against Hilliard's Complaint pursuant to both Idaho Code § 12-120(3) and ¶ 22 and ¶ 25 of the Option. Murphy Land further respectfully requests that the Court award to it the entire "lodestar" amount of Murphy Land's designated attorney fees.

**A.     Murphy Land should be granted an award of its reasonable attorney fees incurred in successfully defending against Hilliard's Complaint pursuant to Idaho Code § 12-120(3) and ¶ 25 of the Option.**

Murphy Land is entitled to an award of reasonable attorney fees incurred in successfully defending against Hilliard's Complaint pursuant to Idaho Code § 12-120(3). Idaho Code § 12-120(3) states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services *and in any commercial transaction* unless otherwise provided by law, *the prevailing party* shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> *The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes*. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

First, Murphy Land is clearly the prevailing party as judgment was entered in favor of Murphy Land dismissing Hilliard's Complaint in its entirety with prejudice and without leave to amend. In light of this definitive judgment, Murphy Land's status as the "prevailing party" cannot reasonably be disputed.

Second, the underlying transaction at issue in this case—namely, the Option agreement—constitutes, by definition, a prototypical *commercial* transaction. In any event, a commercial transaction includes all transactions except those for personal or household purposes. Idaho Code § 12–120(3). In determining whether attorney fees should be awarded under Idaho Code § 12–120(3), a court must conduct a two-step analysis: "(1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought." *Garner v. Povey*, 151 Idaho 462, 469, 259 P.3d 608, 615 (2011). "The commercial transaction must be an actual basis of the complaint . . . . [T]he lawsuit and the

causes of action must be based on a commercial transaction, not simply a situation that can be characterized as a commercial transaction." *Id.* In other words, the relevant inquiry is whether the commercial transaction constituted "the gravamen of the lawsuit," and was the basis on which a party is attempting to recover. *Id.*

Seeking enforcement of a contract expressly contemplating the purchase and sale of the Property for "commercial/investment" purposes was the gravamen of Hilliard's lawsuit. Commercial land sale contracts have been found to be "commercial transactions" within the meaning of Idaho Code § 12–120(3). *See Buku Properties, LLC v. Clark*, 153 Idaho 828, 837, 291 P.3d 1027, 1036 (2012) ("The contracts between Buku and Appellants were commercial transactions because neither party entered into the transaction for personal or household purposes. Buku explicitly sought the land for commercial development. Similarly, the sale of the land by the Clarks and Petersons was not performed for a personal or household purpose, considering the large acreage sold and the fact that both parcels of land were historically used for commercial farming purposes."); *see also Lawrence v. Jones*, 124 Idaho 748, 752, 864 P.2d 194, 198 (Ct. App. 1993).

Additionally, as the prevailing party, Murphy Land also is entitled to an award of its attorney fees pursuant to ¶25 of the Option itself. In Idaho, "[a] party may be awarded attorney fees based on an agreement so providing, *even when the court determines that the agreement is not enforceable*." *Bauchman-Kingston P'ship, LP v. Haroldsen*, 149 Idaho 87, 94, 233 P.3d 18, 25 (2008) (citing *O'Connor v. Harger Constr., Inc.,* 145 Idaho 904, 910, 188 P.3d 846, 854 (2008)) (emphasis added). In *O'Connor*, the Idaho Supreme Court found that "[e]ven though the contract was unenforceable, it was a contract and had a severability clause, so the attorney fee

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY FEES  - 7

provision is capable of enforcement." *O'Connor*, 145 Idaho at 912, 188 P.3d at 854. In the present litigation, the Option contains both an Idaho choice of law provision (¶22), a severability provision (¶21), and an attorney fee provision (¶25). Respectively, these provisions read:

> Section 21. Severability. If any term, provision, covenant or condition of this Agreement is held to be invalid, void or otherwise unenforceable, to any extent, by any court of competent jurisdiction, the remainder of this Agreement shall not be affected thereby, and each term, provision, covenant or condition of this Agreement shall be valid and enforceable to the fullest extent permitted by law.
>
> ****
>
> Section 22. Governing Law. This Agreement is to be governed by and construed under the laws of the State of Idaho[.]
>
> ****
>
> Section 25. Costs, Fees: In any suit, action or appeal therefrom to enforce this Agreement or any term or provision hereof, or to interpret this Agreement, the prevailing party shall be entitled to recover its costs incurred therein, including reasonable attorneys' fees. The prevailing party will be that party who was awarded a judgment as a result of trial or arbitration, or who receives a payment of money from the other party in settlement of claims asserted by that party.

*See* Option [Dkt. 1-2 at 8], ¶¶ 21, 22, 25. As noted above, Murphy Land is the prevailing party. As a result, Murphy Land is entitled to an award of its reasonable attorney fees under the contractual provisions of the Option. Indeed, Hilliard himself recognizes that an award of reasonable attorney fees is allowed under ¶25 of the Option as he requests as much in the prayer of his Complaint. (*See* Dkt. 1 at 4).

In sum, Murphy Land satisfies the requirements both of Idaho Code § 12-120(3) and ¶25 of the Option, and Murphy Land therefore respectfully requests that the Court award Murphy Land its reasonable attorney fees in the amount of $27,295.00 (and a greater amount if this motion is contested) incurred in successfully defending against Hilliard's Complaint.

B.     **The fees sought by Murphy Land are reasonable.**

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Ford Motor Credit Co. LLC v. Gilbert Auto Ford, LLC*, No. 2:13-CV-00104-BLW, 2013 WL 5937245, at *2 (D. Idaho Nov. 4, 2013) (citing *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992)). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984).

a.     **Reasonableness of Hours Expended.**

When applying for an award of fees, the applicant bears the burden of establishing reasonableness of the amount of hours claimed, and providing sufficient documentation of those hours. *Hensley,* 461 U.S. at 431; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *as amended by* 808 F.2d 1373 (9th Cir. 1987). Although the court has discretion to reduce claimed hours where documentation of the hours is inadequate, where the case was overstaffed and hours are duplicated, or if the hours expended are deemed excessive or otherwise unnecessary (*Chalmers*, 796 F.2d at 1210), "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Here, Murphy Land seeks attorney fees for a total of 130.1 hours expended in relation to the myriad of procedural activities, filings and hearings pertaining to this litigation during the more than two-and-one-half-year period from June 28, 2016 through January 24, 2018.  Murphy

Land's lead counsel, Dane Bolinger, has stated in his accompanying Declaration that the relevant hours claimed were reasonable and necessary in order to successfully defend against Hilliard's Complaint. (Bolinger Decl., ¶ 7). Mr. Bolinger has included a detailed summary of time entries (redacted for attorney client privilege) with his Declaration documenting the relevant tasks performed and hours expended. (Bolinger Decl., ¶ 7 and Exhibit A).

### b. Reasonableness of Hourly Rates.

The respective hourly rates of the Hawley Troxell attorneys whose professional services were expended on behalf of Murphy Land are reasonable considering the experience, skill and reputation of those attorneys, and as compared to the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. (Bolinger Decl., ¶¶ 5–7). Moreover, in recent cases in the District of Idaho, this Court has approved $400 hourly rates in a variety of complex cases such as this. *See Cayne v. Washington Tr. Bank*, No. 2:12-CV-00584-REB, 2018 WL 3939306, at *7 (D. Idaho Aug. 16, 2018) (finding in breach of contract, misrepresentation/fraud, and consumer protection case that rates of $400, $350, $300, $250, and $190 "are within the range of recent awards in the District of Idaho for similarly experienced attorneys, and they fall within the reasonable rates of lawyers in the pertinent geographic area."); *United States ex rel. Jacobs v. CDS, P.A.*, No. 4:14-CV-00301-BLW, 2018 WL 6268201, at *3 (D. Idaho Nov. 30, 2018) (approving rate of $300 an hour in *qui tam* case); *see also, i.e., Community House, Inc. v. City of Boise*, Case No. 1:05-cv-283-CWD, 2014 WL 1247758, at *6 (D. Idaho Mar. 25, 2014) (approving rate of $400 an hour in claim brought under Fair Housing Act; *Latta v. Otter*, Case No. 1:13-cv-482-CWD, 2014 WL 7245631, at *8 (D.

Idaho Dec. 19, 2014)  (approving rate of $400 in claim brought under Idaho and United States Constitutions).

Consequently, given that all of the hourly rates for the attorney fees requested by Murphy Land are significantly lower than the rate of $400 per hour approved by this Court in other cases involving experienced complex litigation counsel, the hourly rates charged by Murphy Land's counsel are reasonable.

      **c.**      **No adjustment to the lodestar is necessary.**

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Ford Motor Credit Co. LLC*, No. 2:13-CV-00104-BLW, 2013 WL 5937245 at *2.  The relevant *Kerr* factors are: (1) time limitations imposed by the client or the circumstances; (2) the amount involved and the results obtained, (3) the experience, reputation, and ability of the attorneys, (4) the "undesirability" of the case, (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Ada Cty. Highway Dist. v. Nw. Pipeline GP*, No. 1:12-CV-00184-BLW, 2013 WL 2458528, at *1 (D. Idaho June 6, 2013) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Ford Motor Credit Co. LLC*, No. 2:13-CV-00104-BLW, 2013 WL 5937245 at *2 (citing *Morales v. City of San Rafael,* 96 F.3d 359, 363 fn. 8 (9th Cir. 1996)). If a court departs from the lodestar amount, the departure must be "supported by both 'specific evidence' on the record and detailed findings by the lower court…that the lodestar amount is unreasonably

low or unreasonably high." *Ada Cty. Highway Dist.*, No. 1:12-CV-00184-BLW, 2013 WL 2458528 at *2 (citing *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000)).

Here, the application of the lodestar method, as set forth in the concurrently-filed Declaration of Dane Bolinger in Support of Motion for Award of Attorney Fees, results in the presumptively-reasonable attorney fee figure of $27,295.00. Considering the *Kerr* factors not subsumed into the lodestar calculation, Murphy Land does not believe it is necessary for the Court to adjust the lodestar amount either up or down, and therefore requests an award of the presumptively-reasonable lodestar amount of attorney fees relating to this Court's Order in the sum of $27,295.00 and in a greater sum in the event this motion is contested.

## IV.
## CONCLUSION

Based on the foregoing, Murphy Land respectfully requests that the Court grant the Motion and award to Murphy Land its reasonable attorney fees in the lodestar amount of $27,295.00 and in a greater sum in the event this motion is contested.

DATED THIS 23rd day of December, 2019.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Dane Bolinger, ISB No. 9104
Defendant Murphy Land Company, LLC, an
Idaho limited liability company

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 23rd day of December, 2019, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY FEES with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Martin Martelle<br>Email: attorney@martellelaw.com | Martin Martelle<br>MARTELLE, BRATTON & ASSOCIATES<br>380 West State Street<br>Eagle, ID  83616<br>Facsimile:  208.938.8503 |

  AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

| | |
|---|---|
| James L Dawson<br>Gates Eisenhart Dawson<br>125 South Market Street, Suite 1200<br>San Jose, CA 95113 | ☑ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☑ E-mail<br>☐ Facsimile |

_____
Dane Bolinger

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY FEES  - 13