UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES C. HILLIARD, an individual,<br><br>                Plaintiff,<br><br>    vs.<br><br>MURPHY LAND COMPANY, LLC, an<br>Idaho Limited Liability Company;<br><br>                Defendant. | Case No. 1:18-cv-00232-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER RE.:**<br>**Defendant Murphy Land Company,<br>LLC's Motion for a Certified Judgment<br>to be Registered in Another District<br>(Dkt. 44)** |

## I.     INTRODUCTION

Pending before the Court is Defendant Murphy Land Company, LLC's ("Murphy Land") Motion for a Certified Judgment to be Registered in Another District. Dkt. 44. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Murphy Land's motion.

## II.     BACKGROUND

On December 9, 2019, the Court issued a judgment granting Murphy Land's Motion for Summary Judgment and dismissing Plaintiff James C. Hilliard's Complaint with

MEMORANDUM DECISION AND ORDER- 1

prejudice. Dkt. 33. On December 23, 2019, Murphy Land filed a Motion for an Award of Attorney Fees. Dkt. 34.

On January 2, 2020, Hilliard filed a Notice of Appeal. Dkt. 35.

On January 24, 2020, Hilliard filed a "Statement of Non-Opposition" to Murphy Land's Motion for an Award of Attorney Fees, which was later refiled as a "Response to Motion." Dkts. 39, 40. On January 28, 2020, the Court awarded Murphy Land attorneys' fees. Dkt. 41. On February 3, 2020, the Court issued an Amended Judgment in favor of Murphy Land and against Hilliard that included the award of attorneys' fees to Murphy Land in the amount of $27,295.00. Dkt. 42.

On April 14, 2020, Murphy Land filed the pending Motion for the Court to Issue a Certified Judgment to be Registered in Another District, pursuant to 28 U.S.C. § 1963. Dkt. 44.

Hilliard's appeal is still pending before the Ninth Circuit Court of Appeals. He has not posted a supersedeas bond.

### III.   STANDARD OF LAW

Under 28 U.S.C. § 1963, a judgment entered in any district court may be registered for enforcement in any other district, when (1) the judgment has become final by appeal; (2) upon expiration of the time for appeal; or (3) immediately, when ordered by the court that entered the judgment, for good cause shown. *See* 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963; *see also Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1002 (9th Cir. 2015) ("A registered judgment has the 'same

effect' as an original judgment . . . .").

"Although there is no Ninth Circuit law defining 'good cause,' the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'" *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (citations omitted); *see also Spain v. McMillan*, No. CV04-280-N-EJL, 2006 WL 8445777, at *1 (D. Idaho June 20, 2006) (finding good cause to register judgment in another district where plaintiff had shown the defendant possessed substantial property in the other district and insufficient assets in the rendering district to satisfy the judgment).

## IV.   DISCUSSION

Murphy Land moves for certification on three grounds: (1) the Judgment remains unsatisfied by Hilliard; (2) it could locate no assets in Hilliard's name within the state of Idaho; and (3) it believes that Hilliard has substantial real estate assets in his name within the Southern District of Florida and/or the Northern District of California. Dkt. 44-1, at 4. In response, Hilliard submitted a declaration that "the amount of the amended judgment, $27,295 plus the legal rate of interest is within Mr. Hilliard's ability to pay," and that he would pay any award or post a bond for the full amount of the Amended Judgment if ordered to do so. Dkt. 45, at 2 (citing Dkt. 45-1, at 2). If the Court was considering granting Murphy Land's motion, Hilliard requested it "defer permission to register the judgment so

MEMORANDUM DECISION AND ORDER- 3

Mr. Hilliard may post a supersedeas bond." Dkt. 45, at 3.[1]

Here, Murphy Land represents that Hilliard has few, if any, assets located within the District of Idaho. Hilliard does not dispute this representation in argument or by affidavit. Thus, the Court finds the first element of the good cause requirement is satisfied. *See Columbia Pictures Television, Inc.*, 259 F.3d at 1198 ("Feltner does not dispute that he lacks assets in California.").

For the second element, Murphy Land argues that leviable assets are located in the Southern District of Florida and/or the Northern District of California. In a supporting declaration, Murphy Land states it "believes, based on public records searches and an investigation, that Hilliard may own substantial assets, including substantial real property assets, in those districts." Dkt. 44-2, at 2. Murphy Land attached no exhibits to its declaration, nor proof of said public records. Yet Hilliard did not dispute Murphy Land's contention that Hilliard held substantial assets in the Southern District of Florida and/or the Northern District of California. Thus, the Court finds good cause has been shown to certify the Amended Judgment solely in the foreign districts of Southern District of Florida and/or the Northern District of California. *See Columbia Pictures Television, Inc.*, 259 F.3d at 1198 ("[Feltner] also does not dispute that he owns substantial property in Florida.").

Hilliard argues that even if good cause is shown, he should be allowed to post a

---

[1] Murphy Land contends that on May 5, 2020, after receiving Hilliard's Response, it sent Hilliard a letter offering to withdraw the pending Motion and stipulate to a stay of enforcement of the Amended Judgment if Hilliard would stipulate to obtain a qualified supersedeas bond or post sufficient cash collateral. Dkt. 46, at 4. Hilliard did not respond to Murphy Land's offer before Murphy Land's reply was due. *Id*.

MEMORANDUM DECISION AND ORDER- 4

supersedeas bond, upon the Court's order, prior to the Court granting Murphy Land's certification request. Murphy Land responds that Hilliard bears burden of moving for a stay and securing a supersedeas bond or of posting sufficient collateral with the Court; Hilliard has failed to meet his burden.

Under Federal Rule of Civil Procedure 62(b), an appealing party may obtain a stay of execution of the judgment entered against it upon posting a supersedeas bond. Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). "A judgment pending appeal cannot be enforced in the originating district nor any foreign district where a supersedeas bond has been posted." *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV0705808SJOFFMX, 2012 WL 12882702, at *3 (C.D. Cal. Oct. 3, 2012). However, where the non-prevailing party "has not posted a supersedeas bond to stay enforcement of the judgment; . . . [the prevailing party] may enforce its judgment." *Ramgen Power Sys. LLC v. Agilis Eng'g Inc*, No. C12-1762 MJP, 2015 WL 12670444, at *1 (W.D. Wash. Jan. 27, 2015) (citing Fed. R. Civ. P. 62(a),(d); *Columbia Pictures Television, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (recognizing that "a prevailing plaintiff is entitled to execute upon a judgment" when defendant fails to obtain a formal stay by posting a supersedeas bond).

While Hilliard has stated his willingness to post such a bond, he has not yet posted a supersedeas bond pursuant to Rule 62(b). Merely stating his willingness to do so if ordered by the Court not sufficient; he must actually post a bond in order to the stay enforcement of the judgment pending appeal. Hilliard has not done so. In the future, if Hilliard posts a supersedeas bond sufficient to satisfy the Amended Judgment, such action

MEMORANDUM DECISION AND ORDER- 5

will stay the enforcement of the Court's judgment pending appeal.[2] *See UMG Recordings, Inc.*, 2012 WL 12882702, at \*4 ("The Court also notes that because an appeal is pending in this case, BCD and UMG may resolve this issue by posting a supersedeas bond sufficient to satisfy the Amended Judgment—doing so will prevent enforcement of the Amended Judgment in the Southern District of New York."). Whether Hilliard chooses to do this is up to him.

As Hilliard has not filed a supersedeas bond to stay enforcement of the judgment pending appeal, and Murphy Land has shown good cause under 28 U.S.C. § 1963, the Court will partially grant Murphy Land's motion; it will certify the Amended Judgment solely in the foreign districts of the Southern District of Florida and/or the Northern District of California. It will deny Murphy Land's motion to use its proposed language in certifying the judgment.

The standard, nationwide AO 451 form ("Clerk's Certification of a Judgment to be Registered in Another District") requires the Clerk to certify the following:

> I certify that the attached judgment is a copy of a judgment entered by this court on (date).
>
> I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal

---

[2] In the usual case, the supersedeas bond must be sufficient to fully satisfy the judgment, including interest and costs. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."). However, '[d]istrict courts have inherent discretionary authority in setting supersedeas bonds[.]" *StrikePoint Trading, LLC v. Sabolyk*, No. SACV071073DOCMLGX, 2012 WL 12973175, at \*2 (C.D. Cal. Jan. 10, 2012) (quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The district court has the discretion to set the amount of the bond, to allow alternative forms of guarantee, or to waive the requirement entirely where appropriate.

MEMORANDUM DECISION AND ORDER- 6

has expired, and no appeal has been filed or, if one was filed, it is no longer
pending.

Dkt. 44-2, at 5. Murphy Land seeks to strike the standard language "the time for appeal has

expired, and no appeal has been filed or, if one was filed, it is no longer pending." Dkt. 4-

2, at 2. Its proposed form of a Clerk's Certification of a Judgment to be Registered in

Another District reads as follows:

> I certify that the attached amended judgment is a copy of judgment entered
> by this court on February 3, 2020.
>
> I also certify that, as appears from this court's records, no motion listed in
> Fed. R. App. P. 4(a)(4)(A) is pending before this court.

Dkt. 44-2, at 7. Murphy Land provided no justification for why the Court should alter the

national form certifying judgments in other districts in this way.

Striking the language that "the time for appeal has expired, and no appeal has been

filed or, if one was filed, it is no longer pending," would be misleading as it would remove

notice to another district court that an appeal of the judgment is ongoing. The Court denies

Murphy Land's request to strike that language. The Certification shall read as follows,

(including the strikethrough):

> I certify that the attached amended judgment is a copy of judgment entered
> by this court on February 3, 2020.
>
> I also certify that, as appears from this court's records, no motion listed in
> Fed. R. App. P. 4(a)(4)(A) is pending before this court, ~~the time for appeal~~
> ~~has expired, and no appeal has been filed or, if one was filed, it is no longer~~
> ~~pending~~.
>
> An appeal has been filed and is pending before the Ninth Circuit Court of
> Appeals. The amended judgment is certified because good cause has been
> shown under 28 U.S.C. § 1963 to register the amended judgment in the
> Southern District of Florida and/or the Northern District of California.

MEMORANDUM DECISION AND ORDER- 7

## V.    ORDER

**IT IS HEREBY ORDERED THAT**:

1. Murphy Land's Motion for a Certified Judgment to be Registered in Another District (Dkt. 44) is **GRANTED** in **PART** and **DENIED** in **PART** as outlined above.

2. The Clerk of the Court shall certify the Amended Judgment to be registered in the Southern District of Florida and/or the Northern District of California using the Court's provided language.

DATED: June 12, 2020

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER- 8