FILED

FEB 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES C. HILLIARD,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>MURPHY LAND COMPANY, LLC, an Idaho Limited Liability Company,<br><br>   Defendant-Appellee. | No. 20-35002<br><br>D.C. No. 1:18-cv-00232-DCN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted February 1, 2021**
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

  James Hilliard appeals the district court's grant of summary judgment for Murphy Land Company, LLC. Hilliard had an option to buy Crystal Hills Farm from Murphy Land, but Murphy Land sold the property to someone else when the

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).


option expired. Hilliard then sued, seeking a declaration that he had exercised his option in time. The district court concluded that, even if Hilliard had exercised the option, the case was moot because the district court could not change the ownership of the property given that it was no longer owned by Murphy Land. We review the grant of summary judgment de novo, *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and affirm.

Although Hilliard contends that the case would not have become moot if he had been permitted to amend his complaint, in fact Hilliard did not seek to amend his complaint. The error, he argues, is that the district court did not *sua sponte* construe parts of his summary judgment brief as a motion to amend. The problem is that at the summary judgment hearing, Hilliard told the district court that he was *not* moving to amend his complaint and that he would do so only after resolution of the motion. Understandably, the district did not treat his brief as a motion to amend.

Hilliard maintains that courts have an absolute duty to treat new arguments raised in a brief as motions to amend. But we have held that "summary judgment is not a procedural second chance to flesh out inadequate proceedings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (internal quotation marks omitted). We have also more than once affirmed a district court's decision not to consider new issues and claims in the briefing as a motion to

2

amend. *See, e.g.*, *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006); *389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999). And where we have reversed a district court for not treating new claims raised in a brief as a motion to amend, we have not done so when, as here, the party specifically indicated that it was not seeking to amend until after resolution of the motion. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 n.4 (9th Cir. 2016); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990).

The district court therefore did not abuse its discretion in declining to consider the new claims as a motion to amend. *Cf.* 3 MOORE'S FEDERAL PRACTICE § 15.14 (2017) ("[I]t is not an abuse of discretion for the court to fail to grant leave to amend when leave was not sought."). Hilliard's derivative arguments that Federal Rule of Civil Procedure 15 applies and that the case was not moot likewise fail.

The district court concluded that, if Hilliard moved to amend after summary judgment, the motion would fail. A party may amend after the scheduling deadline only with "good cause," Fed. R. Civ. P. 16, and the central inquiry is "whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

The district court did not abuse its discretion in finding that Hilliard was not

3

diligent, because he did not timely move to amend even though he had "both constructive and actual notice before discovery closed that the relief he was seeking was moot." Hillard's claim that he did not have constructive notice is beside the point because it is undisputed that Hilliard had actual notice. Indeed, despite having notice of the sale since Murphy Land's Answer a month into the litigation, Hilliard did not timely move to amend, did not move to extend the deadline to amend, and did not move for a continuance of the summary judgment motions in order to assert new claims.

Because we affirm the district court's judgment, we also affirm its award of attorneys' fees to Murphy Land. *See 389 Orange St. Partners*, 179 F.3d at 666. Murphy Land's request for attorneys' fees on appeal may be addressed through Ninth Circuit Rule 39-1.

**AFFIRMED**.

4

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)   A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

    B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Post Judgment Form - Rev. 12/2018     1

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
▶ The proceeding involves a question of exceptional importance; or
▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [____]

**Case Name** [____]

The Clerk is requested to award costs to (*party name(s)*):

[____]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [____] **Date** [____]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10** Rev. 12/01/2018